**Philip DELCOSTELLO, Plaintiff,**

**v.**

**INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, et al., Defendants.**

Civ. A. No. J–78–436.

United States District Court,
D. Maryland.

Oct. 22, 1981.

William H. Zinman, Baltimore, Md., for plaintiff.

Bernard Rubenstein, Carl S. Yaller, Edelman & Rubenstein, Baltimore, Md., for Local 557, and Bernard S. Goldfarb, Karen N. Gittler, Goldfarb & Reznick, Cincinnati, Ohio, and Gerard P. Martin, Melnicove, Kaufman & Weiner, P. A., Baltimore, Md., for Anchor Motor Freight.

## MEMORANDUM AND ORDER

SHIRLEY B. JONES, District Judge.

This action was brought under § 301 of the Labor Management Relations Act against plaintiff's employer, Anchor Motor Freight, Inc., for wrongful termination and against Teamsters International and Local 557 for breach of the duty of fair representation. The incident that resulted in plaintiff's termination occurred on June 27, 1977, and a grievance against the employer was heard by the Eastern Conference Automobile Transporters Joint Committee on July 19, 1977, which decided in favor of the employer. Plaintiff received a copy of the arbitration decision "several days later." On August 20, 1977, he received a copy of the minutes of the July 1977 meeting from Arthur C. Morningstar, with a letter asking that he forward any changes, in writing, or the minutes would be approved. Plaintiff consulted with an attorney and, on September 14, 1977, wrote the president of Local 557 expressing his dissatisfaction with the decision and the union's representation of him. Suit was filed on March 16, 1978.

This Court ruled on defendants' motions for summary judgment on March 17, 1981. 510 F.Supp. 716. The argument that this action was barred by the Maryland 30-day limitations period for vacating arbitration awards was rejected, and the three-year limitations period was applied. The Supreme Court decided *United Parcel Serv., Inc. v. Mitchell,* —— U.S. ——, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981), on April 20, 1981. It held that New York's 90-day limitations period for vacating an arbitration award was the analogous state statute to be applied in a § 301 action against an employer where an arbitration award had been entered in favor of the employer. Local 557 and Anchor Motor Freight filed a joint motion for reconsideration of the prior ruling on limitations in light of *Mitchell.* Plaintiff has responded, and the parties have briefed the issues extensively. No oral argument is deemed necessary. *See* Local Rule 6.

■ The primary question presented is whether *Mitchell* should be applied retroactively. There is no question that, if it can be applied retroactively, *Mitchell* governs. Although only the employer was before the Court, it is reasonably clear from the Supreme Court's opinion that the short limitations period would apply to a companion action against a union for breach of the duty of fair representation. *See Singer v. Flying Tiger Line, Inc.,* 652 F.2d 1349, 1353 (9th Cir. 1981). *But see Sear v. Cadillac Automobile Co.,* 654 F.2d 4, 6–7 (1st Cir. 1981) (dictum).

Exactly when the plaintiff received the Eastern Conference decision is not clear; plaintiff states that it was "several days" after the July 19, 1977 meeting. Plaintiff had the decision at some point before he received Mr. Morningstar's letter on August 20, 1977.

Plaintiff urges that his September 14, 1977 letter should be treated as a request for reconsideration of the arbitration decision, tolling the statute of limitations until he received a response. No formal response was ever made by the Eastern Conference or Local 557, but plaintiff was aware no later than December 1977 that nothing more would be done by the local and the Eastern Conference.[1] Even assuming that limitations did not begin to run until plaintiff was told that no further action would be taken, in late December 1977, this action was filed more than 30 days after that time. *Cf. Davidson v. Roadway Express, Inc.*, 650 F.2d 902, 904 (7th Cir. 1981) (even assuming attempts to reopen arbitration tolled statute, claim barred).

The Supreme Court summarized the factors to be considered in deciding whether a new decision should be applied retroactively in *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). Huson, a Chevron employee, had sued, under the Outer Continental Shelf Lands Act, for injuries sustained on a drilling rig off the coast of Louisiana. Before and at the time of suit, federal courts had applied general admiralty law, including its laches doctrine of timeliness, to suits for injuries under the Outer Continental Shelf Lands Act. While Huson's case was still in the discovery stage, the Supreme Court held in *Rodrique v. Aetna Cas. & Sur. Co.*, 395 U.S. 352, 89 S.Ct. 1835, 23 L.Ed.2d 360 (1969), that the Act should not be read as making admiralty law applicable to suits for personal injuries under the Act. The district court accordingly held that Huson's action was time barred under a one-year state statute of limitations, but the Fifth Circuit reversed. The Supreme Court held that the state one-year statute was the appropriate limitations period but also held that the decision would not be applied retroactively.

■ The Court identified three factors to be used in deciding whether to apply a decision nonretroactively. First, the decision sought to be applied only prospectively must establish a new legal principle, either by overruling "clear past precedent" or by deciding a case of first impression, resolution of which "was not clearly foreshadowed" in earlier cases. *Id.* 404 U.S. at 106, 92 S.Ct. at 355. The prior history, purpose and effect of the rule are to be weighed, to determine whether retroactive application furthers or retards its operation. *Id.* at 106–07, 92 S.Ct. at 355. Finally, retroactive operation must be weighed to see whether substantial injustice or hardship is caused. *Id.* at 107, 92 S.Ct. at 355.

The three factors are interrelated. The first and third factors combined, for example, require analysis of a "reliance factor." *Cash v. Califano*, 621 F.2d 626, 629 (4th Cir. 1980). As the U.S. Court of Appeals for the Fourth Circuit recently stated, "absent some surprise engendered by a current judicial interpretation, a litigant cannot be heard to demand nonretroactivity on the basis of inequity." *Id.* Retroactive application is the norm, and the party urging nonretroactivity bears the burden of establishing sufficient equitable reasons to overcome the norm. *Id.*

Past precedent in the Supreme Court and the Fourth Circuit on the issue decided in *Mitchell* cannot be described as "clear." The Supreme Court held in *UAW v. Hoosier Cardinal Corp.*, 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966), that the timeliness of a § 301 action is to be determined by reference to the appropriate state statute of limitations. *Id.* at 704–05, 86 S.Ct. at 1112–1113. The case was an action on behalf of an individual employee against his employer; the question was whether the limitations period for actions based exclusively on written contracts or for those based on oral contracts should be applied. There was a written collective bargaining agreement and an oral employment contract between the employee and the employer. Noting that the characterization of the action was a matter of federal law, the Court stated that there was no reason to reject a state law characterization unless it was unreasonable or inconsistent with national labor poli-

---

1. See Plaintiff's Affidavit of May 27, 1981, ¶ 6.

cy. *Id.* at 706, 86 S.Ct. at 1113. The Court held that the state law characterization of the action as one not based exclusively on a written contract was acceptable and not in conflict with labor policy. *Id.* at 706–07, 86 S.Ct. at 1113–1114. Prior arbitration was not an issue in the case.

There was no prior case of the U. S. Court of Appeals for the Fourth Circuit addressing the question decided in *Mitchell.* The Court held in *Kennedy v. Wheeling Pittsburgh Steel Corp.,* 81 LRRM 2349 (4th Cir. 1973) (per curiam), an unpublished opinion, that a § 301 action against a union was barred by a state's five-year statute of limitations on suits on oral contracts, reasoning that the same limitations period should apply to a suit against the union as applied to that against the employer. The question whether a statute of limitations for vacating arbitration awards barred suit was not before the Court, although the union had argued that the six-month limitations period of the Labor Management Relations Act or the state limitations period for tort actions applied, *see id.* at 2349.

The limitations question in *Mitchell* had not been previously presented to the Supreme Court. The case is not, however, one of first impression in the same sense as *Rodrique v. Aetna Cas. & Sur. Co.,* 395 U.S. 352, 89 S.Ct. 1835, 23 L.Ed.2d 360 (1969), the decision with which *Chevron Oil* dealt was. *Hoosier Cardinal* had established some general principles, and *Mitchell* applied them. Admittedly, more than a routine application was involved. The relatively rare instances in which courts have applied decisions prospectively in the civil area have usually involved a " 'clear break with the past,' " *Ramey v. Harber,* 589 F.2d 753, 758 (4th Cir. 1978) (quoting *Desist v. United States,* 394 U.S. 244, 248, 89 S.Ct. 1030, 1032, 22 L.Ed.2d 248 (1969)), and often the "past" is long and well established, *e. g., id.* Here there was no such "past." Although it was reasonable for plaintiff or his attorney to read *Hoosier Cardinal* and cases in other jurisdictions, in the absence of clear authority otherwise, as allowing a limitations period of three years, the burden cast upon a litigant urging nonretroactivity has not

been met with respect to the essential element for prospective application. That burden casts, in an unclear or developing area of the law, the risk of later decision contrary to a litigant's belief, even his well-informed or reasonable belief, upon the plaintiff here. Because plaintiff cannot meet the *Chevron Oil* test with respect to that element, it is unnecessary to consider other factors. *See Cash v. Califano,* 621 F.2d at 629.

A few other courts have been faced with the problem of retroactive application of *Mitchell,* although none of the cases reported to date is extremely helpful. The U. S. Courts of Appeals for the First and Seventh Circuits have applied *Mitchell* retroactively, although neither court analyzed the question in terms of the *Chevron Oil* factors. *Sear v. Cadillac Automobile Co.,* 654 F.2d 4 (1st Cir. 1981); *Davidson v. Roadway Express, Inc.,* 650 F.2d 902 (7th Cir. 1981). In *Sear* the Court discussed *Mitchell,* apparently assuming retroactivity, but held that *Mitchell* only applied to a suit against an employer, not to a suit against a union for breach of the duty of fair representation. 654 F.2d at 6–7. The Seventh Circuit followed *Mitchell* without discussing retroactivity. *See also Scott v. Chrysler Corp.,* 107 LRRM 308 (E.D.Mich.1981).

The only case in which retroactivity is discussed is *Singer v. Flying Tiger Line, Inc.,* 652 F.2d 1349 (9th Cir. 1981). The Court noted "a critical factor is that the rule of the *Mitchell* case is not one which might have been anticipated." *Id.* at 1353. It declined to apply *Mitchell* retroactively. *Singer* is not completely apposite. *Mitchell* was decided after the district court decision had been appealed but before oral argument. The union and employer had not urged below that the state limitations period for vacation of arbitration awards applied, and the Ninth Circuit noted that normally grounds not raised below are not considered on appeal. *Id.*

■ As previously mentioned, my reading of *Mitchell* is that where the breach of the duty of fair representation complained

of relates to the union's presentation of the employee's grievance at an arbitration hearing resolved in favor of the employer, the same limitations period will be applied to the action against the union as to the underlying action against the employer. Joint presentation and trial of the two claims is virtually compelled by the nature of the concomitant actions against the employer and union in § 301 cases. Plaintiff must now bring suit against the employer within the period of time for vacating the arbitration award in any event and is not substantially burdened by having to sue the union at the same time.

■ Plaintiff has asserted that the Maryland 30-day limitations period for vacating arbitration awards is unconstitutional, at least as applied to this action or to § 301 actions generally. The Maryland statute, Cts. & Jud.Proc.Code Ann. § 3–224, provides that a petition to vacate an arbitration award is to be filed within 30 days after delivery of a copy of the award to the petitioner, id. § 3–224(a)(1), and specifies five grounds upon which an award is to be vacated, id. § 3–224(b). One of the grounds is that an award was "procured by corruption, fraud, or other undue means," id. § 3–224(b)(1), and where that is the ground for the petition to vacate, the period of limitations begins when the ground became known, or should have become known, to the petitioner, id. § 3–224(a)(2).

■ Plaintiff relies in part on the general principle that when a new limitations period is applied to existing causes of action, a reasonable time period must be allowed for assertion of existing rights. That principle is applied to statutory enactments. The principles concerning retroactive application of decisions implicate similar concerns, but, as previously noted, they do not dictate nonretroactive application of Mitchell.

Plaintiff also contends that a 30-day period is simply too short a time to be applied to a § 301 action. He points out that although 30-day time periods are common for filing appeals from trial court or administrative decisions, normally counsel has already been retained and is familiar with the facts of the case, so that filing an appeal is a relatively short process. This is not true of a § 301 suit. Employees are forbidden from being represented by counsel at a labor arbitration proceeding, rather they must be represented by the union. It is not necessarily true that individuals are generally represented by counsel at administrative proceedings, although they may be, if they wish. The 30-day limitations period, Md.R.P. B4, for seeking judicial review of an administrative determination will be applied whether a petitioner was represented by counsel or not.

As previously noted, it may well be that plaintiff's tolling arguments have merit, and I have here assumed, for the purpose of deciding the motion, that the limitations period began in December 1977. In considering plaintiff's argument that 30 days, as opposed to the 90-day period in Mitchell, is too short a time, it is important to note the scope of Mitchell. This Court does not read that case as broadly as does the plaintiff. Mitchell involved an allegation that the union had breached its duty of fair representation by the manner in which it handled the grievance. See Mitchell v. United Parcel Serv., Inc., 624 F.2d 394, 396 (2d Cir. 1980), rev'd, —— U.S. ——, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981). That was the allegation in Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 96 S.Ct. 923, 47 L.Ed.2d 231 (1976), upon which the Mitchell court relied in its characterization of the action as analogous to an action to vacate an arbitration award. The kind of conduct typically alleged, as here, is a union's failure to investigate the facts of the grievance or to present the employee's case properly at the hearing. This conduct will generally be known to the employee at the arbitration hearing. I do not read Mitchell as precluding, in the proper circumstances, the application of a "saving" provision such as is contained in § 3–224(a)(2), where fraud, coercion or the like is involved. Although other states have chosen to enact limitations periods for challenging arbitration awards greater than 30 days, see Mitchell, 101 S.Ct. at 1563 n. 5, 30 days is not unconstitutional, either inherently or as applied by a federal court to a § 301 action.

For the reasons set forth in this Memorandum, I shall vacate the prior ruling on the motions for summary judgment of Local 557 and Anchor Motor Freight and, based on *Mitchell*, enter summary judgment for both defendants on the ground that plaintiff's action is barred by limitations.

Defendants have requested, in addition to summary judgment in their favor, that this Court award them costs and attorneys' fees. No supporting documents have been submitted. More important, although defendants have ultimately prevailed, the fact that they did so only after the subsequent ruling of the Supreme Court amply demonstrates that this is the kind of case in which an award of costs and attorney's fees is inappropriate.