Francisco J. ACEVEDO, et al., Plaintiffs,

v.

INTERNATIONAL LONGSHORE-MEN'S ASSOCIATION, LOCAL 2062 AFL—CIO, and Caribbean Transportation, Inc., Defendants.

No. 01–3295–CIV–KING.

United States District Court, S.D. Florida, Miami Division.

Nov. 27, 2001.

Harvey W. Gurland, Jr., Duane, Morris & Heckscher, LLP, Miami, FL, for plaintiff.

Neil Flaxman, Coral Gables, FL, Richard Austin, Miami, FL, David Braswell, Sugarman & Susskind, Coral Gables, FL, for defendant.

### ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

JAMES LAWRENCE KING, District Judge.

THIS CAUSE comes before the Court upon Defendant Caribbean Transportation, Inc.'s Motion to Dismiss and Defendant International Longshoremen's Association, Local 2062 AFL—CIO's Motion to Dismiss filed August 31, 2001 and September 4, 2001, respectively. Plaintiffs filed a Response in Opposition to Defendant International Longshoremen's Association, Local 2062 AFL—CIO Motion to Dismiss on September 21, 2001. However, Plaintiffs have failed to file a Response to Defendant Caribbean Transportation, Inc.'s Motion to Dismiss and the time to do so has passed. Defendant International Longshoremen's Association, Local 2062 AFL—CIO filed a Rely on September 28, 2001.

### I. Background

Plaintiffs, Francisco J. Acevedo, et al., filed this two-count action on July 26, 2001 against Defendants Caribbean Transportation, Inc. ("CTI") and International Longshoremen's Association, Local 2062 AFL—CIO ("ILA Local 2062"). Plaintiffs seek for the Court to vacate portions of the arbitration award dated April 27, 2001 in Count I and for a declaratory judgment that ILA Local 2062 breached its duty of fair representation to them in Count II. Defendants seek to have the above-styled action dismissed. Defendant CTI adopts Defendant ILA Local 2062's grounds for dismissal. Therefore, the Court needs not only to address Defendant ILA Local 2062's arguments.

Plaintiffs are truck drivers who are employed by Defendant CTI and represented by Defendant ILA Local 2062. Defendant CTI is a regulated motor carrier engaged in transporting maritime containers; Defendant ILA Local 2062 is a labor organization. Plaintiffs claim that Defendant CTI deducted monies in excess of the actual amount of their insurance premiums from them and their union—Defendant ILA Local 2062—filed a grievance against Defendant CTI for the alleged improper practices. Defendant ILA Local 2062 and Defendant CTI's dispute over the employer's practices of deducting monies from Plaintiffs' paycheck to pay for their insurance premiums was submitted to binding arbitration as proscribed by the parties' collective bargaining agreement. The only parties to the arbitration proceedings were the Defendants. The Arbitrator entered an arbitration award on April 27, 2001. In a letter dated May 16, 2001, Defendant ILA Local 2062 notified the Plaintiffs that it had decided not to pursue an appeal of the arbitration award and the reasons for its decision. On July 11, 2001, Plaintiffs requested permission from Defendant ILA Local 2062 to take an appeal of the arbitration decision its name with their own attorneys at no cost to Defendant ILA Local 2062. (*See* Compl., Attach.Ex. D.) On or about July 16, 2001, Defendant ILA Local 2062 denied Plaintiffs' request to appeal the arbitration award in its names and at no costs to it. (*See* Compl., Attach.Ex. F.) Plaintiffs filed this instant action on July 26, 2001, seeking for the Court to vacate the arbitration award because it violates public policy and claiming that Defendant ILA Local 2062's decision not to seek an appeal of the arbitration award was a breach of its duty of fair representation.

### II. Legal Standard

Dismissal is justified only when " 'it appears beyond doubt that the plaintiff can

prove no set of facts in support of his claim which would entitle him to relief.' " *See Hartford Fire Ins. Co. v. California*, 509 U.S. 764, 810, 113 S.Ct. 2891, 125 L.Ed.2d 612 (1993) (quoting *McLain v. Real Estate Bd. of New Orleans, Inc.*, 444 U.S. 232, 246, 100 S.Ct. 502, 62 L.Ed.2d 441 (1980)). The complaint at issue should be construed in the light most favorable to the plaintiff, and all facts alleged by the plaintiff are accepted as true. *See Hishon*, 467 U.S. at 73, 104 S.Ct. 2229. Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law. *See Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir.1993).

## III. Discussion

Defendant ILA Local 2062 moves to dismiss the above-styled action on the grounds that (1) the arbitration award is not final; (2) Plaintiffs have failed to show how the arbitration award violates public policy to warrant vacating the award; and (3) it does not have a legal duty to seek an appeal of the arbitration award. Defendant ILA Local 2062 argues that the arbitration award is not a final award, therefore, Plaintiffs' petition to vacate the award is premature. In response, Plaintiffs contend that the portion of the arbitration award in which they seek to vacate is a final award. Plaintiffs seek to have the portion of the arbitration award regarding Defendant CTI's insurance payment practices vacated. The Court finds that the arbitration award to be a final award for purposes of this instant action.

■ Second, Plaintiffs seek to vacate the arbitration award on the ground that it violates public policy. Defendant ILA Local 2062 argues that the Plaintiffs have set forth no ground to justify this Court vacating the arbitration award. Further, Defendant ILA Local 2062 contends that the relief awarded to the Plaintiffs does not violate any public policy. In response,

Plaintiffs claim that the arbitration award violates public policy by not providing them with any relief for past violation of the Florida Unfair Insurance Trade Practices Act ("UIFPA") and by allowing Defendant CTI to continue to violate the UIFPA. For a court to set aside an arbitration award because it contravenes public policy, there must be a well-defined public policy and an award that conflicts with that public policy. *See W.R. Grace & Co. v. Local Union 759*, 461 U.S. 757, 766, 103 S.Ct. 2177, 76 L.Ed.2d 298 (1983); *see also United Paperworkers Intern. Union, AFL—CIO v. Misco, Inc.*, 484 U.S. 29, 108 S.Ct. 364; 98 L.Ed.2d 286 (1987). The Court concludes that the Plaintiffs have failed to specifically identify how the arbitration award is contrary to some explicit public policy. Specifically, they do not point to a specific statute that would be violated if the arbitration award is not vacated. Furthermore, Defendant ILA Local 2062 argued the issues raised by the Plaintiffs about the UIFPA and Defendant CTI's practices in the arbitration proceedings. The Insurance Commissioner of the state of Florida even submitted a brief on the issues which was part of the arbitration proceeding's record. Plaintiff primarily rely on the amicus brief submitted by the state of Florida Department of Insurance for their contentions that Defendant's CTI insurance payroll practices are contrary to public policy. However, the opinion by the Insurance Commissioner in its amicus is not a "well defined and dominant" public policy. *W.R. Grace & Co. v. Local Union 759*, 461 U.S. at 766, 103 S.Ct. 2177. Moreover, the public policy exception to enforcement of an arbitration arises when enforcement of the award compels one of the parties to take action which directly conflicts with public policy. *See Brown v. Rauscher Pierce Refsnes, Inc.*, 994 F.2d 775, 782 (11th Cir.1993). Here, the arbitration awards does not or-

der any party to take action which violates public policy. In particular, the arbitration award provides that the Plaintiffs may chose not to have the costs for insurance deducted from their payroll by selecting different methods of obtaining insurance (i.e., by purchasing their own insurance or by paying the entire insurance premium by a specific date). Therefore, the Court finds that the arbitration award does not violate any public policy.

■ Lastly, Plaintiffs concede that Defendant ILA Local 2062 does not have a duty to challenge an arbitration award. (*See* Pls. Response at 12–13.) However, Plaintiffs contend that the Defendant ILA Local 2062 has a duty to make a determination of whether to challenge an arbitration award in good faith. Plaintiffs allege that Defendant ILA Local 2062's decision not to challenge the arbitration award was made in bad faith, for discriminatory reasons and in collusion with Defendant CTI. Therefore, according to the Plaintiffs, Defendant ILA Local 2062 owed them a duty to make the determination of whether to challenge the arbitration award in good faith, which they allege Defendant ILA Local 2062 breached. A union's duty of fair representation does not extend to its decision not to challenge an arbitration award. *See Freeman v. Local Union No. 135*, 746 F.2d 1316 (7th Cir.1984) (concluding that a union does not have a duty when it decides not to appeal an arbitration award); *see also Greany v. Roadway Express*, 630 F.Supp. 1286 (M.D.Fla.1986). In essence, Plaintiffs seek for the Court to carve an exception to the rule that a union does not owe a duty when it decides whether to challenge an arbitration award. The Court declines to impose a duty on Defendant ILA Local 2062 when it makes a decision whether to challenge an arbitration award. Plaintiffs' rely on *Sear v. Cadillac Automobile Co.*, 654 F.2d 4 (1981) to support its contentions that such a duty exist. However, Plaintiffs' reliance on the *Sear's* decision is misplaced. The First Circuit in *Sear* reasoned that a union's decision not to appeal an arbitration award should only be reviewed in the most limited circumstances because the threat of suits by disappointed union members would lead unions to automatically appeal arbitration awards for fear of litigation by dissatisfied members of a fair arbitration proceeding. The *Sear's* Court concluded that this would stymie the purpose of arbitration. *Id.* This Court agrees with the reasoning of the *Sear's* Court. The Court finds that to extend a union's duty of fair representation beyond the arbitration proceedings or enforcement of an arbitration awards to its decision of whether to challenge an arbitration award would severely weaken arbitration as well as collective bargaining. Furthermore, the Plaintiffs have not alleged that Defendant ILA Local 2062 breached its duty of fair representation during the arbitration proceedings or that the arbitration proceeding was unfair. Here, the Plaintiffs are attempting to have the Court review Defendant ILA Local 2062's decision not challenge the arbitration award which there is no legal precedent for it to do. The Court declines to extend Defendant ILA Local 2062's duty of fair representation to its decision not to appeal an arbitration award based on a fair arbitration proceeding. Therefore, Count II is dismissed.

## IV. Conclusion

Accordingly, after a careful review of the record and the Court being otherwise fully advised, it is

ORDERED and ADJUDGED that Defendant International Longshoremen's Association, Local 2062 AFL—CIO's Motion to Dismiss be, and the same is hereby GRANTED. It is further

ORDERED and ADJUDGED that Defendant Caribbean Transportation, Inc.'s

Motion to Dismiss be, and the same is hereby, GRANTED. It is further

ORDERED and ADJUDGED that the above-styled case is hereby DISMISSED with prejudice.