**LOCAL 1902, ALLIED SERVICE DIVISION, BROTHERHOOD OF RAILWAY, AIRLINE AND STEAMSHIP CLERKS, FREIGHT HANDLERS, EXPRESS AND STATION EMPLOYEES, AFL-CIO, Plaintiff,**

v.

**SAFETY CABS, INC., and New Deal Cabs, Inc., Defendants.**

No. 76–237–Civ–J–S.

United States District Court,
M. D. Florida,
Jacksonville Division.

May 28, 1976.

Robert J. Mozer, Mozer & Gulmi, P.C., New York City, Lyman T. Fletcher, Sheppard, Fletcher, Hand & Adams, Jacksonville, Fla., for plaintiff.

Rogers, Towers, Bailey, Jones & Gay, Jacksonville, Fla., for defendants.

## ORDER

CHARLES R. SCOTT, District Judge.

In this Section 301 action (29 U.S.C., Section 185) to enforce an arbitrator's award pursuant to the grievance provisions of a Collective Bargaining Agreement, Defendant-Employer has moved to dismiss the Complaint. Defendant argues that Plaintiff's Complaint is defective because the named Plaintiff is not the real party-in-interest, as required by Federal Rule of Civil Procedure 17(a). The arbitrator's decision bears the name "Allied Service Division Welfare and Taxi Drivers' Vacation Fund" as the grieving party in whose favor the arbitrator made his award. The named Plaintiff in this action is "Local 1902, Allied Service Division, Brotherhood of Railway, Airline and Steamship Clerks, Freight Handlers, Express and Station Employees, AFL–CIO." Defendants contend that Plaintiff has not alleged ultimate facts to show that the Plaintiff in this action is the real party-in-interest to enforce the arbitrator's award.

Paragraph 10 of Plaintiff's Complaint expressly incorporates the arbitration award that is the subject matter of this action. The arbitrator's decision identifies Safety Cabs, Inc. and New Deal Cabs, Inc. ("the Employer"), and Local 1902, Brotherhood of Railway, Airline and Steamship Clerks, Freight Handlers, Express and Station Employees ("the Union") as parties to a Collective Bargaining Agreement that obligated the Employer to make regular monthly contributions to the Employees' health and welfare, and vacation, funds (5).

In discussing the arguments of the parties to the contract-authorized grievance arbitration, the arbitrator's decision identifies them as the Union and the Company, the Employer (5–10). In his discussion and opinion, the arbitrator treated the views and responsibilities of the two parties, the Employer and the Union (10–12). Thus, although Article XX(g) of the Collective Bargaining Agreement allows for "the event (that) the Vacation Fund must resort to legal action for arrearage collection," there was never any question in the arbitrator's decision that the Union was the proper and real party-in-interest to prosecute a grievance against the Employer, under the Collective Bargaining Contract, for failure to make contractually required contributions to the Employees' fund. Similarly, the proper parties with standing to bring actions under Section 301 are either an employer or a labor organization, as parties to the Collective Bargaining Agreement sought to be enforced, or the individual employees covered by that agreement. *Textile Workers Union v. Lincoln Mills*, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957); *Smith v. Evening News Ass'n*, 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962).

Although the subject matter of this action is the money owed by the Employer to the Employees' health and welfare, and vacation funds, under the Collective Bargaining Contract (as decided by the arbitrator), there is no doubt that when the Employer is alleged to have defaulted in its contributions to the funds, the real party-in-interest under the contract to enforce that obligation is the Union. While individual employees may sue to enforce collective bargaining contract rights and duties, *Smith v. Evening News Ass'n, supra*, to hold that only the individual employees are the proper and real parties-in-interest to bring such actions as this one would result in proliferating piecemeal litigation and a procedural complexity that would thwart the enforcement of their rights. *Retail Clerks Union Local 1222 v. Alfred M. Lewis, Inc.*, 327 F.2d 442, 445 (9th Cir. 1964); *International Union, Union Auto., Aircraft & Agricultural Implement Workers v. Textron, Inc.*, 312 F.2d

688, 689–91 (6th Cir. 1963); *International Ass'n of Machinists & Aerospace Workers, Lodge No. 1194 v. Garwood Inds., Inc.*, 368 F.Supp. 357, 358 (N.D.Ohio 1973); *Local Union No. 328 v. Armour & Co.*, 294 F.Supp. 168, 171–72 (W.D.Mich.1968) (where a union brought suit on behalf of three employees to prevent the closing of the plant by the employer).

 Moreover, it is the Union's duty under the grievance provisions of the Collective Bargaining Contract to represent the employees fairly and without reservation in their grievance over the contractually established funds. *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); *Humphrey v. Moore*, 375 U.S. 335, 84 S.Ct. 363, 11 L.Ed.2d 370 (1964). That duty includes not only prosecuting the grievance all the way through the arbitration process, but also the enforcement of the arbitration decision by a legal action such as this one. The Court holds therefore that the Union is the proper and real party-in-interest to bring this Section 301 action, satisfying Federal Rule of Civil Procedure 17(a); consequently, the Motion to Dismiss must be denied.