Donald R. HIGDON, Sr.,
Plaintiff-Appellant,

v.

UNITED STEELWORKERS OF
AMERICA, AFL–CIO–CLC, et
al., Defendants-Appellees.

No. 82–8265.

United States Court of Appeals,
Eleventh Circuit.

June 16, 1983.

Harris, McCracken, Jackson & Daniel, William R. McCracken, Augusta, Ga., for plaintiff-appellant.

Robert H. Stropp, Jr., Birmingham, Ala., for United Steelworkers, AFL–CIO–CLC, and United Steelworkers of America, Local Union No. 13600.

James W. Wimberly, Jr., James P. Cobb, Atlanta, Ga., for Bowman Transp., Inc.

Before RONEY and HILL, Circuit Judges, and MORGAN, Senior Circuit Judge.

PER CURIAM:

Donald R. Higdon, Sr., plaintiff-appellant, was discharged from his position as a local truck driver for defendant Bowman Transportation, Inc. (Bowman), in November of 1979 after 14 years of employment. The reason given for his discharge was that he failed to follow his superior's instructions which required him to write and file a report concerning an argument he had with a Bowman customer. Higdon then sought the help of the defendant union, United Steelworkers of America, in securing rein-

statement through a grievance process provided in the collective bargaining agreement between the union and Bowman. The grievance process consisted of three steps. The union unsuccessfully attempted to have Bowman reinstate Higdon through the first two steps of the process, but failed to exercise its discretion and take the matter to the final step of arbitration. As a result, Higdon was unable to completely pursue his claim of wrongful discharge within the provisions of the collective bargaining agreement.

This action was filed under Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, primarily alleging that the union's failure to initiate arbitration proceedings breached its duty of fair representation mandated in §§ 8(b) and 9(a) of the LMRA, 29 U.S.C. §§ 158(b) and 159(a), which thereby allowed Bowman to discharge Higdon without just cause in violation of the collective bargaining agreement. The District Court for the Southern District of Georgia reviewed the relevant evidence and law, 537 F.Supp. 653, found that no material issues of facts were in dispute, and granted summary judgment in favor of the union and Bowman. Higdon now challenges that decision on two grounds. First, he argues that there are material issues of fact in dispute among the parties, and accordingly summary judgment was improper. Second, he contends that even if material issues of fact do not exist, the district court misapplied existing law in ruling against his claim. We reject these arguments and affirm the district court for the following reasons.

■■■ Higdon contends that there are three distinct issues of material fact in dispute. First, he argues that he introduced evidence creating an issue as to whether the union fully and fairly investigated the argument he had with the Bowman customer on the morning of his discharge. While we recognize that a union's failure to investigate a member's grievance can violate its duty of fair representation, see *Turner v. Air Transport Dispatchers' Association*, 468 F.2d 297 (5th Cir.1972), we find that the

union in this case did not breach its duty by failing to investigate since Higdon was discharged for insubordination and failure to follow instructions, not for his role in the argument with the Bowman customer. An investigation into the argument by the defendant union would have provided no information helpful in securing Higdon's reinstatement, and thus the existence of such an investigation cannot be deemed a material fact. Second, Higdon claims that there is conflicting evidence in the record regarding whether he was given notice and the opportunity to attend the union's handling of his grievance during the second step of the procedure established in the collective bargaining agreement. This claim is somewhat incredulous since Higdon himself conceded that the union informed him a step two hearing would take place, and although he was not expressly invited or excluded, he was further advised that his presence was not necessary and he did not request otherwise. Record on Appeal, Deposition of Donald R. Higdon, at 71–73 and 104–105. We note, however, that even if the record supported Higdon's allegations with regard to notice and opportunity to attend, the factual issue would not be material to his claim against the union. A union does not breach its duty of fair representation simply by failing to give the grievant-member an opportunity to attend and notice of a particular segment of the grievance process. *Freeman v. O'Neal Steel, Inc.*, 609 F.2d 1123 (5th Cir.1980); *Whitten v. Anchor Motor Freight, Inc.*, 521 F.2d 1335 (6th Cir. 1975). Finally, Higdon argues that the record supports an inference of negligence in the union's handling of his grievance. It is unnecessary for us to discuss or address the portions of the record on which Higdon relies since negligence does not constitute a breach of the duty of fair representation. *Harris v. Schwerman Trucking Company*, 668 F.2d 1204 (11th Cir.1982).

■■■ Higdon's remaining claim on appeal is that the district court improperly granted summary judgment in favor of the defendants even if there were no material issues of fact in dispute. We disagree. "A breach

of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Vaca v. Sipes,* 386 U.S. 171, 190, 87 S.Ct. 903, 916, 17 L.Ed.2d 842 (1967). In the present case, the record is void of any evidence supporting a conclusion that the union acted discriminatorily or in bad faith while handling Higdon's grievance. Thus, the only remaining theory of relief available to Higdon is that the union acted arbitrarily. The test for determining whether a union's actions are arbitrary, and thus violative of the duty of fair representation, was discussed in *Tedford v. Peabody Coal Company,* 533 F.2d 952, 957 (5th Cir.1976):

> [W]e think a decision to be nonarbitrary must be (1) based upon relevant, permissible union factors which excludes the possibility of it being based upon motivations such as personal animosity or political favoritism; (2) a rational result of the consideration of those factors; and (3) inclusive of a fair and impartial consideration of the interest of all employees.

The district court below concluded that the union adequately investigated appellant's grievance and weighed all relevant and permissible factors before choosing not to proceed to the final step of arbitration. After a careful review of the record, we find that the evidence fully supports this conclusion.

In summary, Higdon failed to introduce any evidence into the record supporting his claim that the defendant union breached its duty of fair representation while handling his grievance against Bowman. Accordingly, summary judgment was properly granted in favor of the defendants. The order of the district court is

AFFIRMED.