**John GREANY, Plaintiff,**

v.

**ROADWAY EXPRESS, INC., International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America, and Truckdrivers, Warehousemen & Helpers of Jacksonville, Local Union Number 512, Defendants.**

**No. 85–991–Civ–J–14.**

United States District Court, M.D. Florida, Jacksonville Division.

March 28, 1986.

Michael J. Korn, Jacksonville, Fla., for plaintiff.

Mary W. Jarrett, Jacksonville, Fla., for Roadway.

Joseph E. Santucci, Jr., Washington, D.C., for Intern. Broth.

John F. Kattman, Jacksonville, Fla., for Local 512.

### ORDER

SUSAN H. BLACK, District Judge.

This case is before the Court on Defendant Local 512's Motion To Dismiss, filed herein on February 14, 1986. Plaintiff's response in opposition was filed on February 26, 1986. Defendant International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America [hereinafter "International"] filed a motion to dismiss on March 12, 1986. Because the arguments in both motions are identical, the Court has adopted plaintiff's response to defendant Local 512's motion as the response to defendant International's motion as well.

Plaintiff's action arose out of his discharge from employment by defendant Roadway Express, Inc. In the Complaint filed on December 11, 1985, plaintiff presents the following allegations in Count II:

18. On information and belief, Plaintiff alleges that Defendants Union and Local failed to properly and fairly represent Plaintiff incident to the written grievance concerning Plaintiff's termination.

19. On information and belief, Plaintiff alleges that Defendants Union and Local should have brought an action pursuant to Section 301 on behalf of Plaintiff based upon Plaintiff's termination. However, Defendants Union and Local have failed to bring a Section 301 action on behalf of Plaintiff, thus necessitating this action by Plaintiff.

Defendants Local Union Number 512 [hereinafter "Local 512"] and International seek to have these allegations dismissed on two grounds. First, Local 512 and International assert that the Complaint fails to allege sufficient facts to state a cause of action. The Court finds that the Complaint alleges sufficient facts to set forth a cause of action for failure to fairly represent the plaintiff in the grievance proceedings. The Eleventh Circuit recognized a cause of action for breach of the statutory duty of fair representation when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith. *Higdon v. United Steelworkers of America,* 706 F.2d 1561 (11th Cir.1983). A nonarbitrary decision is not based on personal animosity or political favoritism. *Id.* at 1563, *quoting, Tedford v. Peabody Coal Co.,* 533 F.2d 952, 957 (5th Cir.1976).

The plaintiff alleges in paragraph 20 of the Complaint that Local 512 and International's failure to fairly represent him was due to his being a member of Teamsters for a Democratic Union, an organization consisting of members of Defendant Union who seek internal union reform. Therefore, the Court will deny the motion to dismiss on the ground that the Complaint fails to allege sufficient facts to state a cause of action.

Local 512 and International's second ground advanced in the motion to dismiss is that it has no duty to bring this action pursuant to Section 301 of the National Labor Relations Act (29 U.S.C.A. § 185 (West 1978)) to challenge the decision of the grievance committee. Whether a union has a duty to its members to file an action to vacate an adverse decision by a grievance committee has never been addressed by the courts of this circuit. In *Local 1902, Allied Service Division v. Safety Cabs, Inc.,*

414 F.Supp. 64 (M.D.Fla.1976), the court stated that a union's duty "includes not only prosecuting the grievance all the way through the arbitration process, but also the enforcement of the arbitration decision by a legal action such as this one" and held that the union was a proper party to bring the Section 301 action. *Id.* at 66. The court was not presented with the issue of whether a union must bring an action on behalf of an employee to challenge the arbitration decision. This specific question was addressed thoroughly by the Seventh Circuit in *Freeman v. Local Union 135, Chauffeurs, etc.*, 746 F.2d 1316 (7th Cir. 1984).

In *Freeman*, the union assisted the employee with his grievance procedures which the committee denied. As in the present case, the employee then filed suit against the union alleging that the union violated its duty of fair representation in the grievance procedure and that the union breached its duty by not bringing suit to vacate the decision. The court held that the employee's allegations regarding the alleged inadequacy of the union's representation in the grievance procedure was time barred because the employee did not file suit within six months of the arbitrator's decision.

Regarding the employee's claim that the union had a duty to file suit, the court held that the union had no such duty. *Id.* at 1320. The court distinguished the case before it from the case of *Sear v. Cadillac Automobile Co. of Boston*, 654 F.2d 4, 7 (1st Cir.1981), in which the court stated: "While we need not hold, as did the district court, that a union's failure to appeal could *never* breach its representational duty, it is obvious that courts ought to allow such actions, if at all, only in unusual instances where unfairness is blatant." *Id.* at 7. The Seventh Circuit distinguished this by stating:

> Unlike *Sear*, Freeman has alleged that the union breached its duty of fair representation in the grievance-arbitration process. We do not address whether a union owes an employee a duty of fair representation in deciding not to seek judicial review of a *fairly conducted* arbitration proceeding.

746 F.2d at 1320 n. 9. Thus, the *Freeman* court determined that a union does not owe a duty to an employee to seek judicial review of an arbitration proceeding where the employee alleges that the union did not fairly represent him in the grievance proceeding. The Tenth Circuit recently reached the same decision in the context of a union's duty of fair representation under the Railway Labor Act. In *Chernak v. Southwest Airlines Co.*, 778 F.2d 578, 581 (10th Cir.1985), the court stated: "An employee does not have an absolute right requiring the Union to take a claim through every stage of the grievance process or in this case into the courts." The Court is not aware of any case law in which an employee succeeded with an action based upon a union's failure to file suit to vacate an arbitration award.

This Court is persuaded by the analysis in *Freeman*. In the matter *sub judice*, the plaintiff has alleged that the unions failed to fairly represent him and that the unions failed to seek judicial review of the grievance committee's decision. Plaintiff does not claim, however, that Local 512 or International typically seek judicial review of adverse decisions. It would be inconsistent with the interests of the unions to require that they file suit in the face of an allegation of unfair representation in the administrative proceeding. Moreover, even if Local 512 and International did file suit, plaintiff would still be required to enter on his own behalf if he wished to pursue the claim against the unions. Furthermore, requiring Local 512 and International to bring an action under such circumstances would be inconsistent with the policies underlying federal labor law and the grievance procedures. If every adverse decision by the grievance committee were to be challenged in court, the advantages of having grievances decided by an arbitrator would be undermined. *See Freeman*, 746 F.2d at 1322. Therefore, the Court will grant Local 512 and International's motions to dismiss as to the claim based on the failure to bring this action. The Court will then direct the plaintiff to file an Amended Complaint eliminating references to this claim.

Accordingly, it is

ORDERED:

1. That Defendant Local 512's Motion to Dismiss, filed herein on February 14, 1986, is denied in part and granted in part. Plaintiff's claim for relief arising out of the union's failure to bring this action, contained in Count II of the Complaint, is hereby dismissed.

2. That Defendant International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America's Motion to Dismiss, filed herein on March 12, 1986, is denied in part and granted in part. Plaintiff's claim for relief arising out of the union's failure to bring this action, contained in Count II of the Complaint, is hereby dismissed.

3. That the plaintiff shall file within ten (10) days from the date of this order an Amended Complaint eliminating any references to or claim for relief based upon the union's failure to bring this action.

4. That defendants shall have twenty (20) days after being served with the Amended Complaint to file their Answers.