**Charles A. EIDSON, Plaintiff,**

v.

**Bernard F. ARENAS, Jr., Stanley L. Mautte Living Trust and Nick Ficarrotta, Defendants.**

**No. 93–1339–CIV–T–17.**

United States District Court,
M.D. Florida,
Tampa Division.

Nov. 29, 1995.

610

Charles A. Eidson, Tampa, FL, pro se.

Nick Ficarrotta, Law Office of Nick Ficarrotta, Tampa, FL, Michael V. Giordano, Law Office of Michael V. Giordano, Temple Terrace, FL, for Bernard F. Arenas, Jr.

Nick Ficarrotta, Law Office of Nick Ficarrotta, Tampa, FL, pro se.

Michael V. Giordano, Law Office of Michael V. Giordano, Temple Terrace, FL, for Nick Ficarrotta.

## ORDER

KOVACHEVICH, District Judge.

This cause is before the Court on the following motions and responses:

1. Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. No. 23) and response thereto (Dkt. No. 25).

2. Plaintiff's Motion for Summary Judgment (Dkt. No. 25).

3. Motion for Michael V. Giordano to Withdraw as attorney for Defendants Nick Ficarrotta and Bernard F. Arenas (Dkt. No. 26).

4. Plaintiff's Motion for Default as to Defendants Bernard F. Arenas, Jr., Stanley Mautte L.T., and Nick Ficarrotta (Dkt. No. 28).

## I. BACKGROUND

In his original Complaint, Plaintiff alleges that Defendants wrongfully evicted Plaintiff from a two-story building on 1902 West Kennedy Boulevard in Tampa, Florida. According to the Complaint, Plaintiff leased a building which houses the operation of the national and international headquarters of The Church of the Avenger. Plaintiff alleges that in July of 1992, Plaintiff met with Mr. Richard Benton, the agent of Defendant, and entered into negotiations for rental of said facility, which led to the signing of a "Lease Agreement" dated September 16, 1992. The "Lease Agreement" identified Charles Eidson as "Lessee," and Richard Benton as "Lessor" on behalf of Defendant Bernard F. Arenas. The "Lease Agreement was not signed by Plaintiff or "Lessee" and was liberally modified by handwritten notes. It was neither notarized nor witnessed.

Plaintiff alleges that Defendants acted conspiratorially when 1) Attorney Ficarrotta caused notice to be served on Plaintiff on January 25, 1993, in reference to eviction; 2) a rental check was returned to Plaintiff, without explanation, by Defendant Arenas on February 15, 1993; 3) a civil summons was served on a non-party to the Complaint on March 29, 1993; 4) Attorney Ficarrotta filed a Notice to Produce to a non-party to the Complaint on April 26, 1993; 5) Attorney Ficarrotta filed a notice of Hearing set for April 29, 1993 in the County Court of Hillsborough.

Defendants alleged that, after obtaining a Writ of Possession against Plaintiff for non-payment of owed rent, Defendants provided Plaintiff with another chance to pay his rent while effectuating an orderly removal of Plaintiff's possessions from the premises. Defendants allege that they agreed to extend Plaintiff's time to vacate for three months, as long as Plaintiff paid the monthly rent. Defendants further alleged that after paying one month's rent, Plaintiff failed to make further payments.

Plaintiff removed the case to Federal Court on July 20, 1993, and brought the Complaint under 42 U.S.C. sections 1983 and 1988. Plaintiff alleged that Defendants were acting under color of law of the statutes,

ordinances, regulations, policies, customs and usages of the State of Florida and/or the County of Hillsborough/City of Tampa, Florida.

Plaintiff alleges jurisdiction based on 28 U.S.C. sections 1331, 1343, as well as on pendant jurisdiction.

Defendants filed a Motion to Dismiss Plaintiff's Complaint on September 27, 1993 for lack of jurisdiction over the subject matter and failure to state a claim upon which relief can be granted (Dkt. No. 6). This Court granted Defendants' Motion to Dismiss as to all counts of Plaintiff's Complaint. Additionally, this Court granted Plaintiff leave to file an Amended Complaint within twenty (20) days of the date of the Order (Dkt. No. 14).

Plaintiff filed an Amended Complaint on December 20, 1993 (Dkt. No. 17). Defendants in return filed a Motion to Dismiss Plaintiff's Amended Complaint for lack of jurisdiction over the subject matter and failure to state a claim upon which relief can be granted (Dkt. No. 18). This Court responded by granting Defendants' Motion to Dismiss as to all counts of Plaintiff's Amended Complaint (Dkt. No. 20). Further, this Court granted leave for Plaintiff to file a Second Amended Complaint within ten (10) days of the Order.

Plaintiff filed a Second Amended Complaint on April 4, 1994 (Dkt. No. 21). Defendants responded by filing a Motion to Dismiss the Second Amended Complaint on the same grounds as stated above (Dkt. No. 23).

## DEFENDANT'S MOTION TO DISMISS

Defendants move to dismiss Plaintiff's Second Amended Complaint under Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction, and under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted.

 A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). In ruling on a motion to dismiss the allegations set forth in the complaint, the court views the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

 The pleadings of a *pro se* litigant are to be held to less stringent standards than those drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). However, a *pro se* litigant must still meet minimal pleading standards. *Olsen v. Lane*, 832 F.Supp. 1525 (M.D.Fla.1993). "A pleading which sets forth a claim for relief shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends ..." Fed.R.Civ.P. 8(a)(1). Conclusory allegations and unwarranted deductions of fact are not accepted as true. *Gersten v. Rundle*, 833 F.Supp. 906 (S.D.Fla.1993) (quoting *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir.1974)).

Defendants allege that Plaintiff's Second Amended Complaint, which asserts claims premised upon: 42 U.S.C. § 1983 alleging malicious prosecution; 42 U.S.C. § 1985(3) alleging conspiracy; RICO violations; and violations of Plaintiff's rights pursuant to the First, Sixth, Ninth, and Tenth Amendments of the United States, should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

### A. FAILURE TO STATE A CLAIM

This Court finds that Plaintiff's Second Amended Complaint presents conclusory allegations, and fails to establish any nexus between Defendants' institution of eviction proceedings and Plaintiff's injuries. Plaintiff has failed to state a cause of action for which relief can be granted with regard to claims asserted pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985(3), RICO, and under the United States Constitution.

### *42 U.S.C. § 1983*

 To maintain an action under 42 U.S.C. § 1983, Plaintiff must prove two elements: (1) that he was deprived of "rights,

privileges, or immunities" protected by the Constitution or federal law; and, (2) that the deprivation was caused by a person acting under color of law. *Koff v. Butterworth*, 765 F.Supp. 716, 717 (M.D.Fla.1991).

In the instant case, there is no meritorious indication in Plaintiff's factual allegations that Defendants acted under color of state law or that they are state actors. Even though Defendants instituted eviction proceedings in state court, Plaintiff fails to allege that Defendants abused the state judicial process. Additionally, Plaintiff fails to show any nexus between his injuries and the eviction proceeding.

If a state merely allows private litigants to use its court, there is no "state action" within the meaning of section 1983, unless there is some corruption of judicial power by the private litigant. *McCartney v. First City Bank*, 970 F.2d 45 (5th Cir.1992); *Cate v. Oldham*, 707 F.2d 1176 (11th Cir.1983); *Hollis v. Itawamba County Loans*, 657 F.2d 746 (5th Cir.1981) (absence abuse of procedure, or indication of improper motive, no state action is attributable to persons who avail themselves of presumably constitutional state enactments); *Fallis v. Dunbar*, 386 F.Supp. 1117 (N.D.Ohio), *aff.* 532 F.2d 1061 (6th Cir. 1976).

Thus, because Defendants are private actors who have not acted under color of state law, this Court finds that Plaintiff cannot hold Defendants liable under section 1983. Plaintiff has failed to establish this indispensable element of a section 1983 action.

## Malicious Prosecution

State law governs a section 1983 claim based on malicious prosecution in the absence of federal rules or decisions for the adjudication of those claims. *Goree v. Gunning*, 738 F.Supp. 79, 80 (E.D.N.Y.1990).

To state a cause of action for malicious prosecution under Florida law, the plaintiff must allege the following elements: (1) the commencement or continuation of an original civil or criminal judicial proceeding; (2) its legal causation by the present defendant against the plaintiff who was a defendant in the original proceeding; (3) its bona fide termination in favor of the plaintiff; (4) the absence of probable cause for such prosecution; (5) the presence of malice; and (6) damages conforming to legal standards resulting to the plaintiff. *Jones v. State Farm Mutual Ins. Co.*, 578 So.2d 783, 785 (Fla. 1st DCA 1991). If the plaintiff is unable to prove any one of the six elements, a cause of action for malicious prosecution may be defeated. *Scozari v. Barone*, 546 So.2d 750, 751 (Fla. 3d DCA 1989).

In the instant case, this Court agrees with Defendants and finds that Plaintiff has failed to allege legal causation by Defendants against Plaintiff, who was a defendant in the original proceeding. Additionally, Plaintiff has failed to allege that Defendants in the Second Amended Complaint were Defendants in the original proceeding. Further, Plaintiff has failed to allege the bona fide termination of the proceeding in his favor. Thus, this Court finds that Plaintiff's claims based on malicious prosecution fail to state a claim upon which relief can be granted.

## Conspiracy 42 U.S.C. § 1985(3)

To state a claim of conspiracy under Section 1985(3), the plaintiff must allege four elements:

(1) a conspiracy;

(2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; and

(3) an act in furtherance of the conspiracy;

(4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*Lake Lucerne Civic Ass'n v. Dolphin Stadium*, 801 F.Supp. 684, 701 (S.D.Fla.1992) citing *United Brotherhood of Carpenters and Joiners of Am., Local 610, AFL–CIO v. Scott*, 463 U.S. 825, 828–829, 103 S.Ct. 3352, 3355–56, 77 L.Ed 2d 1049 (1983).

In the instant case, this Court agrees with Defendants, and finds that Plaintiff has failed to specifically allege that a

conspiracy existed between Defendants. Additionally, Plaintiff has failed to allege the nature of each Defendant's involvement in any conspiracy. Plaintiff's Second Amended Complaint generally alleges that Defendants, individually, jointly, collectively, and severally, conspired to launch malicious civil action attacks upon Plaintiff. This Court finds that Plaintiff's allegations are conclusory and general, and are insufficient to state a cause of action against any of Defendants for conspiracy to violate 42 U.S.C. § 1985(3).

### RICO 18 U.S.C. § 1961

The RICO statute states:

(c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt. 18 U.S.C. § 1962(c)

Section 1961(5) defines a "pattern of racketeering activity" as one requiring at least two acts of racketeering activity listed in 18 U.S.C. § 1961(1) within a period of ten years of one another.

In the instant case, this Court finds that Plaintiff has failed to allege any act constituting "racketeering activity". This Court holds that Plaintiff's claims brought pursuant to RICO fail to state a claim upon which relief can be granted.

### First, Sixth, Seventh, Ninth, and Tenth Amendment Violations

In his Second Amended Complaint, Plaintiff alleges claims brought pursuant to the First, Sixth, Ninth, and Tenth Amendments. Defendants contend that Plaintiff fails to state any facts in support of his constitutional amendment violations. Instead, Plaintiff alleges conclusory statements that his rights under the First, Sixth, Ninth, and Tenth Amendments have been violated. This Court agrees with Defendants, and finds that Plaintiff's claims brought pursuant to the First, Sixth, Ninth, and Tenth Amendments fail to state a claim upon which relief can be granted.

### B. LACK OF SUBJECT MATTER JURISDICTION

Plaintiff's Second Amended Complaint purports to base this Court's jurisdiction on a federal question and/or diversity of citizenship. This Court agrees with Defendants, and finds that Plaintiff has failed to state a cause of action upon which relief can be granted with regards to claims asserted pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985(3), RICO, and under the United States Constitution. Diversity of citizenship is absent between parties to this action. Both Plaintiff and Defendants are citizens residing in Tampa, Florida. Additionally, Defendant Stanley L. Mautte Living Trust is a Florida entity. This Court lacks subject matter jurisdiction over the present action, absent a federal question and/or diversity of citizenship between the parties to the action. However, the Court will extend the opportunity to Plaintiff to file a Third Amended Complaint, and the Court will defer ruling on the Motion to Dismiss for lack of subject matter jurisdiction until Plaintiff has filed his Amended Complaint and the Court determines whether any federal question is presented.

Lacking both diversity or a federal question claim between the parties, this Court may not assert pendant jurisdiction over Plaintiff's related state common law claims in tort. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Manchester v. Lewis*, 507 F.2d 289 (6th Cir.1974).

### PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Because this Court grants Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint, this Court denies Plaintiff's Motion for Summary Judgment as moot. In the event that Plaintiff files a Third Amended Complaint, Plaintiff may renew any summary judgment motions which he deems proper.

### MOTION FOR MICHAEL V. GIORDANO TO WITHDRAW AS ATTORNEY FOR DEFENDANTS NICK FICARROTTA AND BERNARD F. ARENAS

Pursuant to this Court's Local Rule 2.03, United States District Court, Middle

District of Florida, an attorney who wishes to withdraw from a case must obtain written leave of Court after giving ten (10) days notice to the party or client affected thereby, and to opposing counsel.

This Court grants Attorney Michael V. Giordano's Motion to Withdraw from further representation of Defendants Nick Ficarrotta and Bernard F. Arenas. This Court notes that Attorney Michael V. Giordano discussed this matter with Defendants, and Defendants do not oppose or object this request for withdrawal. This Court further notes that Michael V. Giordano, and Nick Ficarrotta, co-counsel in the above styled cause, have stipulated to the fact that Nick Ficarrotta will continue representation of Defendants in this manner (Dkt. 26).

## PLAINTIFF'S MOTION FOR DEFAULT

This Court denies Plaintiff's Motion for Default as moot.

Accordingly, it is **ORDERED** that Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. No. 25) be **granted;** Plaintiff's Motion for Summary Judgment (Dkt. No. 25) be **denied;** Motion for Michael V. Giordano to Withdraw as attorney for Defendants, Nick Ficarrotta and Bernard F. Arenas (Dkt. No. 26) be **granted;** and Plaintiff's Motion for Default (Dkt. No. 28) be **denied.** Further, it is **ORDERED** that Plaintiff's Second Amended Complaint be dismissed as to all counts for failure to state a claim upon which relief can be granted. The Court **defers** ruling on the Motion to Dismiss for Lack of Subject Matter Jurisdiction. Plaintiff shall file his Third Amended Complaint within ten days. No further opportunity for amendment will be granted, due to the age of this case.

**DONE AND ORDERED.**