**Frank L. FARROW, Plaintiff,**

v.

**William J. HENDERSON, Postmaster General, U.S. Postal Service; the American Postal Workers Union AFL–CIO; and American Postal Workers Union Local No. 1672, Defendants.**

**Frank L. Farrow, Plaintiff,**

v.

**John E. Potter,[1] Postmaster General, U.S. Postal Service; the American Postal Workers Union AFL–CIO; and American Postal Workers Union Local No. 1672, Defendants.**

**No. 6:01CV371–ORL–22JGG.**

United States District Court,
M.D. Florida,
Orlando Division.

Dec. 21, 2001.

1. John E. Potter, who assumed the position of Postmaster General on June 1, 2001, has been substituted for former Postmaster General William J. Henderson as defendant in this

Frank L. Farrow, Daytona Beach, FL, Pro se.

Joseph Egan, Jr., Richard Paul Siwica, Egan, Lev & Siwica, P.A., Orlando, FL, Susan L. Catler, O'Donnell, Schwartz & Anderson, Washington, DC, Roberto H. Rodriguez, Jr., U.S. Attorney's Office, Middle District of Florida, Orlando, FL, for the American Postal Workers Union AFL–CIO, American Postal Workers Union Local No. 1672, John E. Potter, defendants.

## ORDER

CONWAY, District Judge.

This cause comes before the Court on the following motions: Motion to Dismiss, or, in the Alternative for Summary Judgment of the American Postal Workers Union, AFL–CIO (Doc. 4), filed April 5, 2001; Motion to Dismiss, or, in the Alternative for Summary Judgment of the Daytona Beach Area Local, American Postal Workers Union, AFL–CIO (Doc. 17), filed May 10, 2001; and Motion to Dismiss, or, in the Alternative for Summary Judgment of John E. Potter, Postmaster General, United State Postal Service (Doc. 36), filed June 28, 2001.

On October 9, 2001, Magistrate Judge James Glazebrook entered a Report and Recommendation addressing the instant motions. Judge Glazebrook recommended that the motion be granted. In so recommending, Judge Glazebrook made the following determinations:

1. The instant action is barred by the principle of res judicata. Plaintiff, Frank L. Farrow, has previously filed 13 actions relating to the same general set of facts and circumstances. On September 7, 2001, District Judge Patricia C. Fawsett entered an Order in cases 6:01–CV–649–ORL–19DAB and 6:01–CV–832–ORL–19JGG, dismissing Farrow's claims with prejudice and barring him from filing any future actions against his employer based on alleged employment actions taken against him. Judge Glazebrook determined that the claims in the instant action arose from the same common nucleus of

action, pursuant to Federal Rule of Civil Procedure 25(d)(1).

operative fact as the previous cases, and are therefore barred by res judicata.

2. Neither the local nor national union breached its duty of fair representation by refusing to sue to vacate an arbitration award adverse to Farrow.

3. As a matter of law, neither union had an obligation to sue to vacate the arbitration award.

4. Because neither union violated its duty of fair representation, it was unnecessary to address the issue of whether the postal service breached its collective bargaining agreement with the unions by discharging Farrow.

On October 18, 2001, Farrow filed a Motion to Reconsider Dismissal (Doc. 51). Despite the motion's title, it appears to have been filed in response to the Report and Recommendation's direction to file objections within 10 days of its entry.

As a pro se plaintiff, Farrow's pleadings are not required to conform to standards as rigid as those required of pleadings filed by counsel. Nevertheless, the Court notes that Plaintiff's response to the Report and Recommendation is nothing more than a recitation of the facts giving rise to his action. In no part of his pleading does Farrow challenge Judge Glazebrook's findings or conclusions. As such, he has failed to articulate any cognizable objection to the Report and Recommendation.

Consequently, the Court adopts both the findings and conclusions set forth in Judge Glazebrook's Report and Recommendation. It is hereby ORDERED that:

1. The Motion to Dismiss, or, in the Alternative for Summary Judgment of the American Postal Workers Union, AFL–CIO (Doc. 4), filed April 5, 2001 is GRANTED.

2. The Motion to Dismiss, or, in the Alternative for Summary Judgment of the Daytona Beach Area Local, American Postal Workers Union, AFL–CIO (Doc. 17), filed May 10, 2001 is GRANTED.

3. The Motion to Dismiss, or, in the Alternative for Summary Judgment of John E. Potter, Postmaster General, United State Postal Service (Doc. 36), filed June 28, 2001, is GRANTED.

4. Plaintiff, Frank L. Farrow's, action is DISMISSED WITH PREJUDICE. In accordance with Judge Fawsett's September 7, 2001 Order, Plaintiff is advised that the filing of future actions based on the same set of facts may result in the imposition of sanctions.

5. The Clerk is directed to close this case.

### REPORT AND RECOMMENDATION

GLAZEBROOK, United States Magistrate Judge.

This cause came on for hearing on August 17, 2001 on the following motions:

**MOTION:** MOTION TO DISMISS, OR, IN THE ALTERNATIVE FOR SUMMARY JUDGMENT OF THE AMERICAN POSTAL WORKERS UNION, AFL–CIO (Docket No. 4)

**FILED:** April 5, 2001

**THEREON** it is RECOMMENDED that the motion be GRANTED.

**MOTION:** MOTION TO DISMISS, OR, IN THE ALTERNATIVE FOR SUMMARY JUDGMENT OF THE DAYTONA BEACH AREA LOCAL, AMERICAN POSTAL WORKERS UNION, AFL–CIO

(Docket No. 17) [2]

FILED: May 10, 2001

THEREON it is **RECOMMENDED** that the motion be **GRANTED.**

MOTION: MOTION TO DISMISS, OR, IN THE ALTERNATIVE FOR SUMMARY JUDGMENT OF JOHN E. POTTER, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE (Docket No. 36)

FILED: June 28, 2001

THEREON it is **RECOMMENDED** that the motion be **GRANTED.**

GLAZEBROOK, United States Magistrate Judge.

## I. *INTRODUCTION*

On March 23, 2001, pro se plaintiff Frank L. Farrow ("Farrow") filed a complaint against the American Postal Workers Union, AFL–CIO ("APWU" or "National") and the Daytona Beach Area Local, APWU Local No. 1672 ("Local"), alleging that the APWU breached its duty of fair representation by the manner in which it scheduled an arbitration hearing, and by refusing to sue the United States Postal Service to vacate the subsequent arbitration award. Plaintiff also filed a complaint against John E. Potter, Postmaster General, United States Postal Service ("USPS" or "Postal Service") alleging the Postal Service breached the collective bargaining agreement. On April 25, 2001, defendant APWU filed a motion to dismiss the

complaint, or in the alternative for summary judgment. [Docket No. 4]. On May 10, 2001, defendant Local filed a motion to dismiss the complaint, or in the alternative for summary judgment. [Docket No. 17]. On June 28, 2001, defendant Postal Service filed a motion to dismiss the complaint, or in the alternative for summary judgment. [Docket No. 36].

## II. *STANDARD OF REVIEW*

Although under *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), a district court should not dismiss a complaint for failure to state a claim unless it appears beyond a doubt that plaintiff can prove no set of facts that would entitle the plaintiff to relief and a court must accept a plaintiff's well pled facts as true and construe the complaint in the light most favorable to the plaintiff, when, on the basis of a dispositive issue of law, no construction of the factual allegations of a complaint will support the cause of action, dismissal of the complaint is appropriate. *Executive 100, Inc. v. Martin County,* 922 F.2d 1536 (11th Cir.1991), *cert. denied,* 502 U.S. 810, 112 S.Ct. 55, 116 L.Ed.2d 32 (1991); *Powell v. United States,* 945 F.2d 374 (11th Cir.1991); *Bracewell v. Nicholson Air Services, Inc.,* 680 F.2d 103, 104 (11th Cir. 1982).

A court should not dismiss a complaint for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. at 45—46, 78 S.Ct. 99; *see Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Powell v. Lennon,* 914 F.2d 1459, 1463 (11th Cir.1990); *Wright v. Newsome,*

---

**2.** It appears from the face of the complaint that plaintiff intended to include the Daytona Beach Area Local, American Postal Workers Union, AFL–CIO ("Local") as a defendant in this case. Although the Local has not been

formally served in this case with a copy of the summons and complaint, it has entered an appearance. *See* Docket No. 17 (motion to dismiss or for summary judgment); Local Rule 2.03(a).

795 F.2d 964, 967 (11th Cir.1986); *Ancata v. Prison Health Services, Inc.,* 769 F.2d 700, 703 (11th Cir.1985) (threshold is "exceedingly low"). In determining whether to dismiss a case, the Court accepts the allegations in the complaint as true, and otherwise views the allegations in the light most favorable to the plaintiff. *Linder v. Portocarrero,* 963 F.2d 332, 334 (11th Cir. 1992) citing *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp.,* 711 F.2d 989, 994–95 (11th Cir. 1983). The pleadings of a pro se litigant are to be held to less stringent standards than those drafted by an attorney. *Eidson v. Arenas,* 910 F.Supp. 609, 612 (M.D.Fla.1995), citing *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

If the Court looks to matters outside the pleadings submitted in support of a motion to dismiss, the motion is converted to one for summary judgment pursuant to Fed. R.Civ.P. 56. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the initial burden of showing the Court, by reference to materials on file that there are no genuine issues of material fact that should be decided at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Jeffery v. Sarasota White Sox,* 64 F.3d 590, 593–94 (11th Cir.1995); *Clark v. Coats & Clark, Inc.,* 929 F.2d 604 (11th Cir.1991).

A moving party discharges its burden on a motion for summary judgment by showing the Court that there is an absence of evidence to support the non-moving party's case. *Celotex,* 477 U.S. at 325, 106 S.Ct. 2548. Rule 56 permits the moving party to discharge its burden with or without supporting affidavits and to move for summary judgment on the case as a whole or on any claim. *Id.* When a moving party has discharged its burden, the non-moving party must then "go beyond the pleadings," and by its own affidavits or by "depositions, answers to interrogatories, and admissions on file," designate specific facts showing that there is a genuine issue for trial. *Id.* at 324, 106 S.Ct. 2548.

In determining whether the moving party has met its burden of establishing that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law, the Court must draw inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. *Spence v. Zimmerman,* 873 F.2d 256 (11th Cir.1989); *Samples on Behalf of Samples v. City of Atlanta,* 846 F.2d 1328, 1330 (11th Cir.1988). The Eleventh Circuit has explained the reasonableness standard:

> in deciding whether an inference is reasonable, the Court must "cull the universe of possible inferences from the facts established by weighing each against the abstract standard of reasonableness." [citation omitted]. The opposing party's inferences need not be more probable than those inferences in favor of the movant to create a factual dispute, so long as they reasonably may be drawn from the facts. When more than one inference reasonably can be drawn, it is for the trier of fact to determine the proper one.

*Jeffery v. Sarasota White Sox,* 64 F.3d 590, 594 (11th Cir.1995), quoting *WSB–TV v. Lee,* 842 F.2d 1266, 1270 (11th Cir.1988).

Thus, if a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant the

summary judgment motion. *Augusta Iron and Steel Works v. Employers Insurance of Wausau,* 835 F.2d 855, 856 (11th Cir. 1988). A dispute about a material fact is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52, 106 S.Ct. 2505. On a summary judgment motion the Court may not weigh the credibility of the parties. *See Rollins v. TechSouth, Inc.,* 833 F.2d 1525, 1531 (11th Cir.1987). If the determination of the case rests on which competing version of the facts or events is true, the case should be presented to the trier of fact. *Id.*

■ In cases where employment discrimination has been alleged, the Eleventh Circuit has long stated that the granting of summary judgment is especially questionable, because such cases usually involve the examination of motive and intent. *Batey v. Stone,* 24 F.3d 1330, 1336 (11th Cir.1994) (quoting *Hayden v. First Nat'l Bank,* 595 F.2d 994, 997 (5th Cir.1979)); *accord Johnson v. Minnesota Historical Soc'y,* 931 F.2d 1239, 1244 (8th Cir.1991) ("Summary judgment should seldom be used in cases alleging employment discrimination."). A defendant in an employment discrimination case is nevertheless entitled to summary judgment if the plaintiff has failed to establish a prima facie case. *See Pace v. Southern Railway System,* 701 F.2d 1383, 1391 (11th Cir.1983).

Federal Rule of Civil Procedure 56(c) provides that the party making a motion for summary judgment may submit affidavits to support its argument as the absence of a genuine issue of material fact. Rule 56(e) provides as follows regarding the materials that the non-movant must submit in response:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

The non-movant must adduce significant probative evidence that would be sufficient for a jury to find for the non-movant. *LaChance v. Duffy's Draft House,* 146 F.3d 832, 834 (11th Cir.1998), *citing Liberty Lobby, Inc.,* 477 U.S. at 249, 106 S.Ct. 2505. A reviewing court generally cannot consider inadmissible hearsay evidence in opposition to a summary judgment motion. *Macuba v. Deboer,* 193 F.3d 1316, 1322 (11th Cir.1999). In considering a motion for summary judgment, a reviewing court must consider all the proffered evidence and cannot disregard a party's affidavit merely because it conflicts to some degree with an earlier deposition. *Kennett–Murray Corporation v. Bone,* 622 F.2d 887, 893 (5th Cir.1980). However, when a party has given clear answers to unambiguous questions which negate the existence of

any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony. *Van T. Junkins and Associates, Inc. v. U.S. Industries, Inc.,* 736 F.2d 656, 657 (11th Cir.1984).

## III. *STATEMENT OF FACTS*

Plaintiff Frank Farrow began his employment with the Postal Service on November 5, 1988. *See* Plaintiff's Complaint ("Complaint"), Exhibit C at 3. On October 26, 1994, plaintiff filed a claim for workers compensation because of stress. *Id.* On December 23, 1996, the Postal Service issued Farrow a Letter of Removal informing him that he was to be terminated from the Postal Service. Id. at 5. The Postal Service terminated him for giving false testimony in a hearing about his workers compensation claim. *Id.*

The APWU filed a grievance challenging Farrow's removal from the Postal Service, and appealed the grievance to arbitration. On March 17, 1998, an arbitration hearing was held in Daytona Beach on this grievance. *Id.* Randy Sutton was the APWU's arbitration advocate. Declaration of Randle Sutton ("Sutton Dec.") at ¶ 4, attached hereto as Exhibit 1. On March 23, 1998, Arbitrator I.B. Helburn granted the APWU's grievance and reinstated Farrow with full back pay and allowances, less money earned while in a non-pay status. Complaint, Exhibit C. ("First Helburn Award"). Page 11 of the arbitration award states:

> However, there is no finding of deliberate dishonesty in this case, and thus based on the standards which are part of the common law of arbitration, there is no just cause for Farrow's removal. He is to be reinstated with back pay, less any money earned between the date of his removal and the date of his reinstatement. Interest is to be paid on any back pay due. In addition, the make-whole remedy is to include holiday pay to which the grievant would have been entitled as well as overtime and other forms of pay which the grievant could reasonably have been expected to earn had he been in a pay status.

*Id.* at 11.

Subsequently, Farrow disputed the amount of compensation he received from the Postal Service under the first Helburn Award. Sutton Dec. at ¶ 5. At Farrow's request, the APWU filed a new grievance on June 17, 1999, claiming that the Postal Service had not complied with the remedy set forth in the first Helburn Award. *Id.* As Mr. Sutton had been the advocate for the first Helburn Award, the APWU assigned him to argue the new grievance. *Id.* The APWU processed this grievance, and appealed it to arbitration.

Sutton was diagnosed with prostate cancer in or about April 2000. *Id.* at ¶ 6. Moreover, for seven months Sutton had to travel to Washington, DC frequently in order to provide staff support at the APWU Headquarters in Washington, DC, as a technical assistant with principal responsibility for coordinating documents necessary for collective bargaining and, if necessary, interest arbitration, to establish the terms of the next national collective bargaining agreement between the APWU and the Postal Service. *Id.* at ¶ 3. Thus, the arbitration hearing over the grievance challenging the Postal Service's compliance with the first Helburn Award was postponed two times in order to accommodate Sutton's health and collective bargaining responsibilities. *Id.* at ¶ 6.

Helburn, the arbitrator, himself postponed another scheduled hearing because of personal issues. *Id.* As Sutton was unable to advocate the grievance at arbitration as quickly as Farrow demanded, the APWU replaced Sutton with Terry Martinez, another arbitration advocate.

On February 7, 2001, the parties arbitrated the grievance over the Postal Service's failure to comply with the first Helburn Award in front of Helburn. *Id.* On February 10, 2001, Helburn denied the APWU's grievance. Complaint, Exhibit A. In his arbitration award, Helburn held that the Postal Service had complied with the remedy he had set forth in the first Helburn Award. ("Second Helburn Award"). Exhibit A at 8. Therefore, the Postal Service did not violate the collective bargaining agreement, and the grievance was not upheld. Farrow then requested that the APWU sue to vacate the second Helburn Award. The APWU refused, finding that such a suit would be frivolous. On March 23, 2001, plaintiff filed his complaint in this Court.

Farrow has been a prolific pro se filer of complaints arising essentially from the same set of facts. He has filed no less than thirteen lawsuits since 1997. On September 7, 2001—after the oral argument in this case—the Honorable Patricia C. Fawsett entered an order listing all of the many suits filed by Farrow, described the similarity of the lawsuits, and noted the burden placed upon the district court docket. Judge Fawsett dismissed Farrows suits with prejudice on the ground that "the issues between Plaintiff and his former employer, the United States Postal Service, relating to his employment have been finally adjudicated" and are barred by res judicata. *See* Order of September 7, 2001, Case No. 6:01–cv–649–Orl–19DAB and Case No. 6:01–cv–832–Orl–19JGG, attached to this Report and Recommendation as Appendix A.[3] Judge Fawsett

barred Farrow from filing any future lawsuit against the Postal Service and Postmaster General relating to the facts and circumstances of his employment.

## IV. *APPLICATION AND ANALYSIS*

■ First, this action should be dismissed based on res judicata for the reasons stated in Judge Fawsett's order. Although the precise claims relating to arbitration were not raised before Judge Fawsett, this claim is part of Farrow's hopeless effort to relitigate every conceivable aspect. This claim arises out of the same common nucleus of operative fact, and is therefore barred.

Second, for the purposes of finality in appellate review, this Court should also rule on the merits. This Court has jurisdiction over the claims that Farrow asserts against the defendants under section 1208(b) of the Postal Reorganization Act ("PRA"), 39 U.S.C. § 1208(b), the statutory analogue to Section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.[4] The claims are characterized as a hybrid breach of contract/breach of the duty of fair representation claim.

In order to prevail against either the union or employer defendants in a hybrid breach of contract/breach of the duty of fair representation claim, plaintiff must prove both that the APWU breached the duty of fair representation and that his employer, the Postal Service, breached the collective bargaining agreement. In *Del-Costello v. International Brotherhood of Teamsters*, 462 U.S. 151, 163–165, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), the Su-

---

3. [Editor's Note: Appendix omitted for publication purposes, Please see 2001 WL 1842406.]

4. Section 1208(b) is the statutory analogue to Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185. Section 301(a), 29 U.S.C. § 185, applies to private sector litigants only. However, courts have held that case law developed under Section 301 is equally applicable to actions brought by Postal Service employees under Section 1208(b). *American Postal Workers Union, AFL–CIO v. United States Postal Service*, 823 F.2d 466, 469 (11th Cir.1987).

preme Court discussed the nature of a hybrid § 301/fair representation claim as follows:

> Such a suit, as a formal matter, comprises two causes of action. The suit against the employer rests in § 301, since the employee is alleging a breach of the collective bargaining agreement. The suit against the union is one for breach of the union's duty of fair representation, which is implied under the scheme of the National Labor Relations Act.

The Supreme Court continues at Footnote 14, stating:

> 14. The duty of fair representation exists because it is the policy of the National Labor Relations Act to allow a single labor organization to represent collectively the interests of all employees within a unit, thereby depriving individuals in the unit of the ability to bargain individually or to select a minority union as their representative. In such a system, if individual employees are not to be deprived of all effective means of protecting their own interests, it must be the duty of the representative organization "to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." *Vaca v. Sipes*, 386 U.S. 171, 177, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). *See generally, Steele v. Louisville & N.R. Co.*, 323 U.S. 192, 65 S.Ct. 226, 89 L.Ed. 173 (1944); *Ford Motor Co. v. Huffman*, 345 U.S. 330, 337, 73 S.Ct. 681, 97 L.Ed. 1048 (1953); *Syres v. Oil Workers*, 350 U.S. 892, 76 S.Ct. 152, 100 L.Ed. 785 (1955); *Humphrey v. Moore*, 375 U.S. 335, 342, 84 S.Ct. 363, 11 L.Ed.2d 370 (1964); R. Gorman, Labor Law 695–728 (1976). The duty stands "as a bulwark to prevent arbitrary union conduct against individuals stripped of traditional forms of redress by the provisions of federal la-

bor law." *Vaca, supra*, at 182, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842.

Returning to the text, the Supreme Court continues:

> Yet the two claims are inextricably interdependent. To prevail against either the company or the Union, ... [employee-plaintiffs] must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating breach of duty by the Union.... The employee may, if he chooses, sue one defendant and not the other; but the case he must prove is the same whether he sues one, the other, or both. The suit is thus not a straightforward breach-of-contract suit under § 301, ... but a hybrid § 301/fair representation claim amounting to "a direct challenge to 'the private settlement of disputes under [the collective-bargaining agreement].' "

*Id.* at 164—65, 103 S.Ct. 2281 (citations omitted); *see also, United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 62, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981); *McNair v. United States Postal Service*, 768 F.2d 730, 735 (5th Cir.1985) ("It is established that, if the union breached its duty of fair representation ... [h]e may sue his employer or his union or both but, in order to recover, he must prove that the union breached its duty of fair representation and that the employer breached the collective bargaining agreement."); *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1519 (11th Cir.1988).

On Farrow's first claim, which is against his employer, he must prove the following facts by a preponderance of the evidence. First, that he suffered adverse job actions by the Postal Service and second, that such adverse job action or actions were without just cause. There is no need to reach this claim because there is insufficient proof of the second claim, that the

Union breached its duty of fair representation as a matter of law.

Turning to the claim against the Unions, that they breached the duty of fair representation, requires a review of the history of this dispute. On December 23, 1996, Farrow was discharged from the Postal Service. The APWU grieved the discharge and prevailed at arbitration in front of Arbitrator I.B. Helburn. ("First Helburn Award"). Arbitrator Helburn ordered Farrow reinstated with full back pay and allowances less money earned while in a non pay status. The Postal Service reinstated Farrow and provided him with some back pay. Farrow believed the Postal Service failed to fully comply with Helburn's award. The APWU filed another grievance claiming that the Postal Service failed to comply with Arbitrator Helburn's award, seeking additional back pay for Farrow. The new grievance was arbitrated in front of Helburn as well. Arbitrator Helburn held that the Postal Service had complied with his first award. ("Second Helburn Award"). He stated good reasons in doing so. Farrow then requested that the APWU sue to vacate the second Helburn Award. The APWU refused, finding no grounds to support such a lawsuit. Farrow then sued, asserting that the APWU breached the duty of fair representation by refusing to sue to vacate the second Helburn Award.

■ There has been no discriminatory, dishonest, arbitrary or perfunctory performance of the APWU's duty of fair representation in this case. Applying the test of basic fairness, the Union actually bent over backwards to help Farrow. The Union sensibly considered the likelihood of success. Furthermore, the Union had no duty to sue to vacate this arbitration award.

Farrow argues that the timeliness of the grievance is a central issue, but it is not. While the arbitrator found that the grievance was untimely, he indicated that he would have ruled against the Union on the merits on both issues raised in the grievance if he considered them on the merits. It is understandable that the Union would consider the likelihood that any case brought to vacate that arbitration award would fail.

Arbitral law is clear that parties are bound by arbitration awards except in the narrowest of circumstances not present here. Federal courts have a duty to enforce arbitration awards in all but extraordinary circumstances. Since deciding the *Steelworkers Trilogy* in 1960, the Supreme Court has often held that the judiciary's role in reviewing and enforcing arbitration awards arising from collectively bargained agreements between labor unions and employers is very limited. *United Steelworkers v. American Manufacturing Co.*, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); *United Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960); *accord Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976). Courts are foreclosed from reviewing the merits of an arbitrated dispute, and must defer to the determinations of the arbitrator. *American Mfg. Co.*, 363 U.S. at 568, 80 S.Ct. 1363; *Hines*, 424 U.S. at 562, 96 S.Ct. 1048.

The Union's decision not to sue to vacate this award was eminently sensible. This is especially true when the arbitrator was interpreting the meaning of his own award. Here the arbitrator was deciding whether or not the Postal Service had complied with an award he had issued. He found that the adjustment for the Thrift Savings Plan was not requested or addressed in the earlier proceeding, and

that it was not included in the prior award, foreclosing relief through a second arbitration. In light of this finding, it was quite sensible of the Union not to file suit to vacate the second award.

Furthermore, the Union had no duty to sue to vacate this arbitration award. This court and several other courts have held that a union has no obligation to sue to vacate an adverse arbitration decision. In *Freeman v. Teamsters Local 135,* 746 F.2d 1316, 1320 (7th Cir.1984), the court held that the failure to contest an arbitration award in court cannot be a breach of the duty of fair representation. In *Bonds v. Coca-Cola Co.,* 806 F.2d 1324, 1326 (7th Cir.1986), citing *Dreis & Krump Mfg. Co. v. Machinists,* 802 F.2d 247 (7th Cir.1986), the court stated that a union is never obliged to contest an award in court to discharge its duty of fair representation.

This court in *Greany v. Roadway Express, Inc.,* 630 F.Supp. 1286, 1288 (M.D.Fla.1986), adopted the *Freeman* court's analysis that a union did not have a duty to sue to vacate an adverse arbitration decision. The court in *Greany* stated that, "it would be inconsistent with the interests of the unions to require that they file suit in the face of an allegation of unfair representation in the administrative proceeding." The *Greany* court citing *Freeman,* 746 F.2d at 1322, added that "if every adverse decision by the grievance committee were to be challenged in the court, the advantages of having grievances decided by an arbitrator would be undermined." Thus, in this instance the APWU as a matter of law did not have any duty to challenge Arbitrator Helburn's adverse decision dated February 10, 2001 (the 2nd Helburn Award) in federal court. Accordingly, there was no breach of the duty of fair representation as a matter of law. The claims against the APWU, the Local and the Postal Service all fail.

## V. *CONCLUSION*

For the reasons stated above it is **RECOMMENDED** that the motions be **GRANTED.**

Failure to file and serve written objections to proposed findings and recommendations in this report, pursuant to 28 U.S.C. 636(b)(1)(B) and (E) and Local Rule 6.02, within ten (10) days of the date of its filing shall bar an aggrieved party from a de novo determination by the district court in the issues covered in the report, and shall bar an aggrieved party from attacking the factual findings on appeal. Farrow shall be permitted to file objections to this report and recommendation, and the objections shall not be considered a violation of Judge Fawsett's order of September 7, 2001.